UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEBEDIAH CHARLES KENNING,

                              Plaintiff,

          -vs-                          **No. 6:16-cv-06778-MAT**
                                        **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

---

## I.   Introduction

Represented by counsel, Jebediah Charles Kenning ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

## II.  Procedural History

On June 24, 2013, Plaintiff, a then-thirty-four year old former driver, salesperson and market development manager, filed

---

[1]

Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017.  The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

for DIB and SSI, alleging disability beginning October 31, 2011 due to herniated and bulging discs in the lumbar spine, degenerative disc disease in the lumbar spine, anxiety and depression (T. 146-47, 234-35, 246, 254, 259).[2] Plaintiff's application was denied on September 16, 2013 (T. 150-53), and he timely requested a hearing before an administrative law judge ("ALJ"). ALJ Brian Kane held a hearing on May 7, 2015 (T. 85-128). On June 18, 2015, the ALJ issued a decision in which he found Plaintiff was not disabled as defined in the Act (T. 45-56). On October 5, 2016, the Appeals Council denied review leaving the ALJ's decision as the final agency decision (T. 1-6). This action followed. The Court assumes the parties' familiarity with the facts of this case and will not repeat them here. The Court will discuss the record further as necessary to the resolution of the parties' contentions.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2012 (T. 50).[3] At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2011

---

[2]

Citations to "T." in parentheses refer to pages in the certified copy of the administrative transcript.

[3]

To be entitled to DIB, a claimant must be insured. *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c). Plaintiff's date last insured was June 30, 2012 (Tr. 139).

(*Id.*). At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine (20 C.F.R. §§ 404.1520(c) and 416.920(c)) (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment (T. 52). Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as that term is defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) (T. 25) with the following limitations: (1) lift and carry up to 20 pounds; (2) sit for six hours; (3) stand and walk a total of two hours; and (4) receive a break every hour of five minutes or less (T. 52). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a merchandise manager, which does not require the performance of work-related activities precluded by the claimant's RFC. (T. 55). Accordingly, the ALJ found that Plaintiff was not disabled from October 31, 2011 through the date of his decision (T. 55).

## IV.  Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable

3

mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## V.  Discussion

Plaintiff makes the following arguments in support of his motion for judgment on the pleadings: (1) the ALJ's RFC finding was not supported by substantial evidence because the ALJ rejected the only medical source statement as insufficiently specific; and (2) the ALJ's RFC finding was not supported by substantial evidence because the only medical source opinion found that Plaintiff had mild to moderate limitations with prolonged sitting, and, contrary to the medical source statement, the ALJ found in the RFC that he could sit continuously for six hours.  For the reasons discussed below, the Court finds that the ALJ's RFC finding was not supported by substantial evidence because the ALJ rejected the only medical source statement presented and, accordingly, remand is required.

### A.    RFC

#### 1.    Absence of Medical Opinion

Plaintiff argues that the Court should remand his case to the ALJ because the ALJ's RFC determination is not supported by substantial evidence (Docket 11-3 at 12). Specifically, Plaintiff contends that the ALJ discounted the only expert medical opinion in

4

the record concerning Plaintiff's limitations, which resulted in an RFC based on bare medical findings (Docket 11-3 at 12-15). The Commissioner contends that the RFC was based on substantial evidence in the medical record, and the ALJ thus had no duty to further develop the medical record (Docket 13 at 12-16).

Here, consultative physician Dr. Nikita Dave issued the only expert medical opinion in the record on August 29, 2013 (T. 468-71). Plaintiff, then-thirty-four years old, reported to Dr. Dave that he had a history of low back pain resulting from an unspecified incident in 2008 (T. 468). He claimed his pain was aggravated by prolonged sitting, standing, and lifting more than a gallon of milk, with periodic acute flare ups lasting several days, with the last flare up occurring more than two years earlier in 2011 (T. 468). Upon examination, Dr. Dave found that Plaintiff's cervical spine showed full flexion extension, lateral flexion bilaterally and full rotary movement bilaterally (T. 470). There was no scoliosis, kyphosis, or abnormality in the thoracic spine (*Id.*). Plaintiff's lumbar spine was different, however, with a flexion of thirty degrees, zero degree extension, left lateral flexion five degrees and painful, right lateral flexion ten degrees, and rotation ten to fifteen degrees bilaterally (*Id.*). Plaintiff also had tenderness in the middle at the L2 spinous process and the L3 vertebra (*Id.*). Plaintiff had a "slightly exaggerated" straight leg raise of about 70-75 degrees (*Id.*). Plaintiff's range of motion was full in the shoulders, elbows,

forearms, wrists, hips, knees, and ankles bilaterally (*Id.*). There was no evidence of subluxations, contractures, ankylosis, or thickening (*Id.*). Joints were stable and nontender, and there was no redness, heat, swelling, or effusion (*Id.*). In his medical source statement, Dr. Dave opined that Plaintiff had mild-to-moderate limitations in prolonged sitting, standing, and walking, and more moderate limitations for lifting, carrying, pushing and pulling of heavy objects, and repetitive bending forward through the lumbar spine. (T. 471).

On May 4, 2015, Plaintiff's attorney, Justin M. Goldstein, submitted a Prehearing Memorandum to the ALJ, objecting to Dr. Dave's medical source statement as vague and ambiguous because it "fail[ed] to quantify the claimant's abilities and limitations" (T. 318). Plaintiff's attorney noted his objection again at the hearing (T. 88). In his decision, the ALJ appeared to agree with Plaintiff's attorney, explaining that "[a]s stated by the representative [for claimant], the limitations from the consultative examiner are not specific" (T. 54). However, rather than ordering a new consultative examination or asking Dr. Dave to clarify the only medical source statement in the record, the ALJ purportedly accorded Dr. Dave's limitations "some weight" (*Id.*). *Cf. Planteny-Martinez v. Colvin*, 6:15-cv-06371(MAT), 2016 WL 3355438, at *2 (W.D.N.Y. 2016) (where ALJ discounted only medical source statement in record, ALJ directed Plaintiff's counsel, who had objected to medical source statement, to prepare and submit

interrogatories to doctor for further clarification of opinion). However, in the very next sentence the ALJ entirely discounted the opinion, explaining that Dr. Dave's examination proved that "claimant did not have problems ambulating and still had good strength despite a reduced range of motion" (T. 54). Nothing else in the ALJ's decision suggests that the ALJ accounted for the limitations identified by Dr. Dave in formulating the RFC.

Pursuant to Social Security Ruling ("SSR") 83-10, residual functional capacity is defined as "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s)." SSR 83-10, 1983 WL 31251, at *7 (S.S.A. 1983). "As explicitly stated in the regulations, RFC is a medical assessment; therefore, the ALJ is precluded from making his assessment without some expert medical testimony or other medical evidence to support his decision." *Gray v. Chater*, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citing 20 C.F.R. § 404.1513(c), (d)(3)); *Martin v. Shalala*, No. 91–CV–0730E, 1994 WL 263818, at *4 (W.D.N.Y. June 13, 1994)).

The Commissioner therefore does not carry his "burden of demonstrating that a claimant can perform at a certain exertional level" if "the ALJ has failed to point to at least 'some expert medical testimony or other medical evidence to support his decision,'" or otherwise "based the decision 'on a negative finding that nothing in the record militated against the conclusion that

[the claimant] could perform such work.'" *Irizarry v. Callahan*, No. 97 Civ. 6093(DLC), 1998 WL 556157, at *8 (S.D.N.Y. Aug. 31, 1998) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) (explaining that "the burden of proof is on the Commissioner to offer positive evidence that [the claimant] can perform sedentary work, and the burden is not carried merely by pointing to evidence that is consistent with his otherwise unsupported assertion")).

Here, Dr. Dave's opinion was the only one in the medical record regarding Plaintiff's extertional limitations. However, the ALJ entirely discounted the opinion because it was "vague" and yet failed to seek clarification from Dr. Dave or otherwise order a new consultative examination. This left the ALJ's RFC assessment unsupported by any medical opinion evidence. *See, e.g.*, *Cestare v. Colvin*, No. 15-CV-6045P, 2016 WL 836082, at *2 (W.D.N.Y. 2016) ("Having reviewed the ALJ's decision, I agree with Cestare that the ALJ's mental RFC assessment appears to be based upon the ALJ's lay interpretation of the medical records without reliance upon any medical opinion. In her decision, the ALJ explicitly accorded 'little' or 'very little' weight to Jamison's opinions, and nothing suggests that the ALJ accounted for the limitations identified by Jamison in formulating the RFC."); *DiVetro v. Commissioner of Social Sec.*, No. 5:05-CV-830(GLS/DEP), 2008 WL 3930032, at *12–13 (N.D.N.Y. Aug. 21, 2008) ("[N]either state agency consultant who rendered assessments stated that plaintiff can sit for a full eight

hours. While [the consultative physician] opined that plaintiff has no 'gross limitation' in her ability to sit, he did not elaborate, nor did he particularly state that she can sit for an entire workday. Simply stated, the record lacks any assessment from either a treating source or a consultant supporting a finding of plaintiff's ability to sit for eight hours in a given workday.").

This case is therefore distinguishable from *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 9 (2d Cir. 2017) and *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) which the Commissioner references in support of his argument that the Second Circuit has recognized the proposition that an ALJ could reject the only medical source statement in the record and still formulate an RFC assessment based on other record evidence like treatment notes and activities of daily living (Docket 13 at 13). In *Monroe*, the Second Circuit concluded that the ALJ did not err by formulating an RFC without a medical source opinion because the opinion was a "post-hoc" opinion based on a medical record relied on by the ALJ, containing years of treatment notes, "contemporaneous medical assessments . . . relevant to [the plaintiff's] ability to perform sustained gainful activity" and "well-documented notes relating to [the plaintiff's] social activities relevant to her functional capacity." 676 F. App'x at 8-9. In *Pellam*, the Second Circuit concluded that the ALJ formally rejected the consultive examiner's opinion because the consutlative examiner only saw the plaintiff once and the findings were "inconsistent with nearly

contemporaneous medical records." 508 F. App'x at 90. Moreover, as the Second Circuit explained, the ALJ's RFC was nevertheless consistent in "all relevant ways" with the consultative examiner's assessment of the plaintiff. *Id.*

The absence of an RFC assessment from any medical source left a clear gap in the record, which the ALJ was under a regulatory obligation to fill. *See, e.g.*, *Crawford v. Astrue*, No. 13-CV-6068P, 2014 WL 4829544, at *20 (W.D.N.Y. Sept. 29, 2014) ("[W]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [, the Commissioner] may not make the connection himself." (alterations in original) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)).

The Court therefore finds that, under the circumstances of this case, the ALJ's failure to further develop the record necessitates remand. *See, e.g.*, *Cestare*, 2016 WL 836082, at *2 (remanding where ALJ reviewed and discussed treatment records, but did not "rely upon any medical source statement or a consultative examination report to assist her in translating the treatment notes into an assessment of [plaintiff's] mental capacity for work-related activities" but instead "used her own lay opinion to determine [plaintiff's] mental RFC.").

On remand, the ALJ is instructed to seek clarification from Dr. Dave as to the meaning of the terms "mild to moderate" and

"moderate" in his August 29, 2013 medical source statement in light of the physical exertion requirements of sedentary and light work specified in 20 C.F.R. §§ 404.1567, 416.967; SSR 96-9p, 1996 WL 374185 (S.S.A. 1996) (elaborating on sedentary work); and SSR 83-10, 1983 WL 31251 (S.S.A. 1983) (addressing meaning of sedentary and light work).  In the event that Dr. Dave is unavailable, the ALJ shall order a new consultative examination of Plaintiff providing a medical source statement consistent with the instructions above.  The ALJ is instructed to consider this new medical source statement along with the entire medical record in formulating the RFC, offering reasoning supported by evidence in the record in order to permit intelligible, plenary review of the findings.

### 2. Mild to Moderate Limitations in Sitting and Sedentary Work

Plaintiff also argues that the ALJ's RFC finding that he could sit for six hours, consistent with sedentary work, was not supported by substantial evidence.  The ALJ failed to explain how the RFC was consistent with Dr. Dave's medical source statement finding that Plaintiff had mild to moderate limitations for prolonged sitting (Docket 11-3 at 16).  Upon remand, after the required additional development of the record, the ALJ shall reconsider, in formulating the RFC, whether the subsequent medical source statement supports Plaintiff being able to "sit for a total

of 6 hours in an 8-hour work day." SSR 96-9p; *see* 20 C.F.R. §§ 404.1567, 416.967.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11-2) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


s/Michael A. Telesca
_____
HON. MICHAEL A. TELESCA
United States District Judge


Dated:     November 20, 2017
           Rochester, New York.