UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEBEDIAH CHARLES KENNING,

                 Plaintiff,
    -vs-                           **No. 6:16-cv-06778-MAT**
                                           **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.
_____

## I. Introduction

This is an appeal brought by Jebediah Charles Kenning ("Plaintiff"), through counsel, of the decision by Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), denying his applications for benefits pursuant to Titles II and XVI of the Social Security Act ("the Act").

## II. Background

On November 20, 2017, this Court issued a Decision and Order (Docket No. 12) reversing Defendant's decision denying disability benefits to Plaintiff. Finding that Defendant's decision was legally erroneous and unsupported by substantial evidence, the Court remanded the case for further administrative proceedings. Judgment was entered in Plaintiff's favor on November 21, 2017.

On November 29, 2017, Defendant filed a Motion for Reconsideration (Docket No. 17) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), asking the Court to reconsider its decision on the grounds that it contained two errors of law, and arguing that the decision was supported by substantial evidence.

After reviewing Defendant's Memorandum of Law (Docket No. 17-1), the cases cited therein, and the relevant portions of the transcript, the Court found that reconsideration should be granted. The Court therefore vacated its previous Decision and Order (Docket No. 12), and affirmed Defendant's decision denying benefits on the basis that it was not legally erroneous and was supported by substantial evidence. Accordingly, the Court vacated the scheduling order issued on November 30, 2017, and granted the Defendant's Motion for Reconsideration.

On December 15, 2017, Plaintiff filed a Notice of Appeal (Docket No. 20). Plaintiff indicates that the Second Circuit Court of Appeals referred this matter for CAMP mediation; an initial session was held on January 30, 2018. At that time, the parties discussed the possibility of utilizing Federal Rule of Civil Procedure 62.1 ("Rule 62.1") and Federal Rule of Appellate Procedure 12.1 to determine if appellate intervention could be avoided.

As a consequence of that mediation session, on February 8, 2018, Plaintiff filed a Motion Pursuant to Rule 62.1(a) for an Indicative Ruling on a Prospective Rule 60(b) Motion (Docket No. 21), requesting that this Court (1) vacate its order on Defendant's Motion for Reconsideration as well as the Judgment resulting from that order; (2) permit full briefing on Defendant's Motion for Reconsideration in accordance with the Western District of New York's Local Rules of Civil Procedure and this Chambers' rules; and (3) issue a new decision on Defendant's Motion for

Reconsideration. Plaintiff's attorney, in his supporting Affirmation dated February 8, 2018 (Docket No. 21-1), indicates that he contacted counsel for Defendant, who does not oppose the Rule 62.1(a) Motion. On March 6, 2018, Plaintiff wrote a letter (Docket No. 23) to the Court indicating that he would not be filing a reply, since Defendant had not opposed the Rule 62.1(a) motion.

**III. Discussion**

Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a).

By its very terms, "the rule only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal." Medgraph, Inc. v. Medtronic, Inc., 310 F.R.D. 208, 210 (W.D.N.Y. 2015). In other words, "[a]bsent an underlying, predicate motion, there is no basis for relief under Rule 62.1." Id. (citing Advisory Committee Notes to Rule 62.1 ("This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal"); 12 James W. Moore et al., MOORE'S FEDERAL PRACTICE § 62.1.10[2] ("The rules governing indicative-ruling procedure . .

. apply only if a pending appeal bars the district court from granting the relief sought in a postjudgment motion")).

Here, Plaintiff has not filed a separate Rule 60(b) motion, and in fact has denominated its pending motion as a "Motion Pursuant to Rule 62.1(a) for an *Indicative Ruling* on a *Prospective* Rule 60(b) Motion" (See Docket No. 21 (emphases supplied)). Procedurally speaking, however, there is no basis for a free-standing Rule 62.1 motion, asking the district court to provide an advisory or indicative ruling informing the circuit court of appeals what it would do if the case were to be remanded. Medgraph, Inc., 310 F.R.D. at 210 (where plaintiff had not filed any motion for relief, apart from its motion under Rule 62.1, motion was subject to denial on that ground alone) (citations omitted).

However, in his Memorandum of Law, Plaintiff indicates he is seeking "relief under Rule 62.1(a) in the form of a motion under Federal Rule of Civil Procedure 60(b)." (Plaintiff's Memorandum of Law (Docket No. 21-2) at 2 (citation omitted)). Plaintiff cites subsections (1) and (6) of Rule 60(b) which, respectively, permit a court to relieve a party or its legal representative from a final judgment, order or proceeding on the basis of "mistake, indadvertance, surprise, or excusable neglect" or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). Plaintiff then sets forth argument as to why he is entitled to relief under Rule 60(b)(1) and (6). In the interest of expediency, and in light of the fact that Defendant does not oppose the relief sought by

Plaintiff, the Court will deem Plaintiff's pending application (Docket No. 21) to be a Combined Motion Pursuant to Rule 60(b) and Rule 62.1(a).

Turning to Plaintiff's arguments in favor of granting Rule 60(b) relief, he chiefly asserts that the District's local rules were violated when the Court vacated its scheduling order and issued a decision on Defendant's Motion for Reconsideration prior to the due-date set in the scheduling order for Plaintiff to file his opposition papers. <u>See</u> Western District of New York Local Rule ("L.R.") 7(b)(2)(B) ("If the Court does not set deadlines by order, the following schedules shall apply [to] . . . . [all motions other than summary judgment motions][:] The opposing party shall have fourteen (14) days after service of the motion to file and serve responding papers, and the moving party shall have seven (7) days after service of the responding papers to file and serve reply papers."). Plaintiff notes that pursuant to L.R. 7(b)(2)(B), in the absence of a scheduling order, he was entitled to respond no later than 14 days after November 29, 2017, the date on which Defendant's motion for reconsideration was filed. Since the Court vacated the scheduling order and issued a ruling on December 4, 2017, Plaintiff was not afforded the full 14 days allowed under L.R. 7(b)(2)(B).

The Court is unconvinced that this constitutes the "mistake, indadvertance, surprise, or excusable neglect" contemplated by subsection (1) of Rule 60(b). However, with regard the propriety of invoking subsection (6), the Second Circuit's precedents make clear that a motion under Rule 60(b) "is addressed to the sound

discretion of the trial court." <u>Matter of Emergency Beacon Corp.</u>, 666 F.2d 754, 760 (2d Cir. 1981). And, the Second Circuit also has clarified that "this discretion is especially broad under subdivision (6) [of Rule 60(b)], because relief under it is to be granted when appropriate to accomplish justice." <u>Id.</u> (internal quotation marks and citations omitted); <u>see</u> <u>also</u> <u>United States v. Karahalias</u>, 205 F.2d 331, 333 (2d Cir. 1953) ("In short—to put it quite baldly—we read . . . subsection [(6) of Rule 60(b)] as giving the court a discretionary dispensing power over the limitation imposed by the Rule itself on subsections (1), (2) and (3)[.]"). Balancing the equities, and keeping in mind that the Second Circuit suggested to the parties a combined Rule 60(b)/Rule 62.1(a) motion (which is unopposed by Defendant) in order to avoid the necessity of appellate proceedings, the Court finds that this is a proper case to rely on Rule 60(b)(6) to accomplish justice.

Accordingly, the Court grants the relief sought in Plaintiff's pending motion, namely, an opportunity to respond to Defendant's Motion for Reconsideration.

**IV. Conclusion**

As discussed above, upon consideration of Plaintiff's Memorandum of Law (Docket No. 21-2), the Court **grants** Plaintiff's unopposed Combined Motion Pursuant to Rule 60(b) and Rule 62.1(a). Accordingly, it is hereby

**ORDERED** that the Decision and Order (Docket No. 18) granting Defendant's Motion for Reconsideration is **vacated**, and the

-6-

subsequent Judgment dated December 5, 2017 (Docket No. 19) is **vacated**; and it is further

**ORDERED** that Defendant's Motion for Reconsideration (Docket No. 17) is restored to "pending" status on the Court's docket; and it is further

**ORDERED** that Plaintiff's opposition papers are due April 19, 2018; Defendant's reply is due April 26, 2018; and the motion will be submitted without oral argument on May 4, 2018.

**ALL OF THE ABOVE IS SO ORDERED.**

                              **S/Michael A. Telesca**

                              HON. MICHAEL A. TELESCA
                              United States District Judge

Dated:    April 5, 2018
           Rochester, New York.